UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTINE DECAMP, as Guardian of
the Property of TIMOTHY G. DECAMP, JR., et al.

   Plaintiff,

                Case No.: 8:20-cv-01747-VMC-TGW

vs.

STATE FARM FIRE & CASUALTY
COMPANY,

   Defendant.
_____/

**DEFENDANT'S MOTION TO EXCLUDE NON-PARTY NON-EXPERT WITNESSES FROM THE COURTROOM WHEN NOT TESTIFYING**

Defendant, State Farm Fire & Casualty Company ("State Farm") respectfully requests an Order of this Honorable Court excluding all non-party, non-expert witnesses from the courtroom when not testifying. In support thereof, State Farm states as follows.

**GROUNDS FOR MOTION AND MEMORANDUM OF LAW**

Rule 615 of the Federal Rules of Evidence states:

> At a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony. Or the court may do so on its own. But this rule does not authorize excluding:
>  (a) a party who is a natural person;
>  (b) an officer or employee of a party that is not a natural person, after being designated as the party's representative by its attorney;
>  (c) a person whose presence a party shows to be essential to presenting the party's claim or defense; or
>  (d) a person authorized by statute to be present.

Fed. R. Evid. 615 (2021). Here, though the expert witnesses fall within the exception set forth in subsection (c) above and the parties fall within subsections (a) and (b), there is no reason for the other witnesses or potential witnesses to be present in the courtroom and listen to the other witnesses' testimony, and allowing them to do so would create a risk that the witnesses would influence one another's testimony.

WHEREFORE for the foregoing reasons, Defendant respectfully requests on Order of this Honorable Court excluding all non-party and non-expert witnesses from the courtroom when not testifying.

## LOCAL RULE 3.01(g) STATEMENT

Undersigned counsel has conferred with counsel for Plaintiffs in a good-faith effort to resolve the issues raised in this motion, but the parties have been unable to agree on the resolution of this motion.

BUTLER WEIHMULLER KATZ CRAIG LLP

s/ James Michael Shaw, Jr.
JOHN W. WEIHMULLER, ESQ.
Florida Bar No.: 0442577
jweihmuller@butler.legal
JAMES MICHAEL SHAW, JR., ESQ.
Florida Bar No.: 0677851
jshaw@butler.legal
400 N. Ashley Drive, Suite 2300
Tampa, Florida  33602
Telephone:  (813) 281-1900
Facsimile:   (813) 281-0900
Counsel for Defendant, State Farm Fire & Casualty Company

## **CERTIFICATE OF SERVICE**

I certify that a copy hereof has been furnished to all counsel or parties of record:

>Andrew Klymenko, Esq.
>Jeffrey R. Davis, Esq.
>Jeffrey T. Coleman, Esq.
>Coleman & Klymenko, LLC
>1980 Central Avenue
>St. Petersburg, FL  33712-1366
>aklymenko@ckflalaw.com
>jdavis@ckflalaw.com
>jcoleman@ckflalaw.com
>Secondary:  shawes@ckflalaw.com
>*Counsel for Plaintiffs*

by electronic notification generated by CM/ECF system on October 6, 2021.

>s/James Michael Shaw, Jr.
>JAMES MICHAEL SHAW, JR., ESQ.