UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTINE DECAMP, as Guardian
of the Property of
Timothy Decamp, Jr. and
assignee of Jasmina Woltcheck,
and CONSTANCE DECAMP,
as Guardian of the Person
of Timothy Decamp, Jr.
and assignee of Jasmina Woltcheck,

    Plaintiffs,

v.                                  Case No. 8:20-cv-1747-VMC-TGW

STATE FARM FIRE & CASUALTY
COMPANY,

    Defendant.
_____/

**ORDER**

This matter comes before the Court upon consideration of Defendant State Farm Fire & Casualty Company's Motion in Limine (Doc. # 66), filed on October 6, 2021. Plaintiffs Christine and Constance Decamp responded on October 20, 2021. (Doc. # 77). For the reasons that follow, the Motion is granted in part and denied in part.

I. **Legal Standard**

"A motion in limine presents a pretrial issue of admissibility of evidence that is likely to arise at trial, and as such, the order, like any other interlocutory order,

1

remains subject to reconsideration by the court throughout the trial." In re Seroquel Prods. Liab. Litig., Nos. 6:06-md-1769-ACC-DAB, 6:07-cv-15733-ACC-DAB, 2009 WL 260989, at *1 (M.D. Fla. Feb. 4, 2009). "The real purpose of a motion in limine is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence which may irretrievably [a]ffect the fairness of the trial." Id. (internal quotation omitted). "A court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds." Id. (internal quotation omitted).

"A motion in limine is not the proper vehicle to resolve substantive issues, to test issues of law, or to address or narrow the issues to be tried." LSQ Funding Grp. v. EDS Field Servs., 879 F. Supp. 2d 1320, 1337 (M.D. Fla. 2012)(citing Royal Indem. Co. v. Liberty Mut. Fire Ins. Co., No. 07-80172-CIV, 2008 WL 2323900, at *1 (S.D. Fla. June 5, 2008)). "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial." In re Seroquel, 2009 WL 260989, at *1 (internal quotation marks omitted). "Instead, denial of the motion means the court cannot determine whether the evidence in question should be excluded outside the trial context." Id.

"The court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion in limine." Id.

The district court has broad discretion to determine the admissibility of evidence, and the appellate court will not disturb this Court's judgment absent a clear abuse of discretion. United States v. McLean, 138 F.3d 1398, 1403 (11th Cir. 1998); see also United States v. Jernigan, 341 F.3d 1273, 1285 (11th Cir. 2003)("Inherent in this standard is the firm recognition that there are difficult evidentiary rulings that turn on matters uniquely within the purview of the district court, which has first-hand access to documentary evidence and is physically proximate to testifying witnesses and the jury.").

Federal Rule of Evidence 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Irrelevant evidence is inadmissible. Fed. R. Evid. 402. All relevant evidence is admissible unless "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of

undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 402, 403; United States v. Ross, 33 F.3d 1507, 1524 (11th Cir. 1994). Use of Rule 403 to exclude relevant evidence is an "extraordinary remedy" whose "major function . . . is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." United States v. Grant, 256 F.3d 1146, 1155 (11th Cir. 2001).

## II.  Discussion

In its Motion, State Farm seeks to exclude fourteen categories of evidence or testimony.

### 1.  Other Insurers' Paying for Other Claimants' Guardianships

First, State Farm "anticipates that [the Decamps] will attempt to elicit testimony from Daniel Leeper, Esq., and Daniel Doucette, Esq., to the effect that other insurance companies (or State Farm's parent company) have paid other injured persons' Legal Expenses in connection with other persons' claims." (Doc. # 66 at 5-6).

The Motion is denied as to this request. As the Court ruled in its summary judgment order (Doc. # 80), such evidence is relevant to whether State Farm acted in bad faith under a totality of the circumstances. And the Court has already

4

determined that, despite there being no specific policy term requiring payment of the guardianship and special-needs trust costs, State Farm still may have acted in bad faith by refusing to pay such costs. This evidence goes to whether State Farm was following the industry's custom and practice when it refused such payments — a relevant consideration to the bad-faith analysis.

### 2. State Farm's Payment for Guardianships in Other Circumstances

Next, State Farm seeks to exclude evidence of its paying for other claimants' guardianship costs in the past related to different car accidents. (Doc. # 66 at 9-10). It argues: "To prevent the jury from being confused as to what State Farm's obligations were, the Court should exclude evidence concerning the handling of claims other than [the Decamps'] bodily injury liability claim against Jasmina Woltcheck." (Id. at 10).

Again, the Motion is denied as to this request. For the same reasons as above, evidence of State Farm's payment of guardianship costs for different claimants is relevant to whether State Farm acted in bad faith by refusing to pay such costs in this case.

### 3. Witness Testimony Concerning the Extent of State Farm's Legal Obligations

State Farm contends that "no witness should be permitted to testify as to what State Farm's legal obligations were; the Court must be the jury's only source of law." (Doc. # 66 at 11).

The Court agrees. "No witness may offer legal conclusions or testify to the legal implications of conduct." Dudash v. S.-Owners Ins. Co., No. 8:16-cv-290-JDM-AEP, 2017 WL 1969671, at *2 (M.D. Fla. May 12, 2017). Thus, the Motion is granted and no witness may offer legal opinions as to State Farm's legal duties. However, this ruling does not preclude any expert witness from testifying as to the custom or practice of the insurance industry or other non-legal opinions. (Doc. # 59 at 12; Doc. # 60 at 9-10).

### 4. Payment Codes

Next, State Farm "anticipates . . . that [the Decamps] intend to present evidence concerning internal accounting codes associated with various payments, arguing that various payments must have been required by the insurance policy because of what code was used." (Doc. # 66 at 11). State Farm argues that the payment codes are "inadmissible parol evidence" that cannot be used as "evidence of the existence

of a contractual obligation to make the payment." (Id. at 13).

The Court's summary judgment order has already resolved this issue in part. The Court held that the insurance policy did not require State Farm to pay the guardianship and trust costs. (Doc. # 80 at 27). The Court, however, also held at summary judgment that the Decamps could nonetheless establish a bad faith claim because State Farm's duty not to act in bad faith is not coextensive with the terms of the insurance policy. (Id. at 32-33). Thus, the Court considers the payment codes relevant to the totality of the circumstances analysis that the jury will perform in this case. The payment code evidence will not be excluded.

5. **Amount of Defense Costs in Underlying Action**

State Farm seeks to exclude evidence of "[t]he amount that State Farm paid an attorney to defend Ms. Woltcheck" in the underlying state court action. (Doc. # 66 at 13-15). State Farm anticipates that the Decamps will argue that State Farm should have paid the Decamps' guardianship and trust fees because those costs were lower than what State Farm ultimately paid to defend Woltcheck in the state court case.

The Court agrees with State Farm that the defense attorney's costs in the state court action are irrelevant to

the bad faith question in this case. To the extent this evidence has any probative value, that value is significantly outweighed by the risk of unfair prejudice to State Farm. Accordingly, even if it is relevant, this category of evidence and argument is excluded pursuant to Rule 403.

### 6. Ramey & Kampf's Website and Innuendo

Next, State Farm seeks to exclude introduction of the law firm Ramey & Kampf's website, which states that the firm can assist insurance companies with the preparation of pleadings for the appointment of a plenary guardian. (Doc. # 66 at 15-16). According to State Farm, the statements on the website are hearsay and the website "is yet another piece of parol evidence that [the Decamps] seek to use to create an ambiguity in Ms. Woltcheck's otherwise-unambiguous insurance policy, which does not require State Farm to pay [the Decamps'] Legal Expenses." (Id. at 16).

Again, the Court has held that evidence regarding the insurance industry's custom and practice is relevant to whether State Farm acted in bad faith by refusing to pay for the Decamps' guardianship and trust expenses. Thus, the Court will not exclude the law firm's website on the basis that such evidence is irrelevant or should be excluded under Rule 403. Regarding hearsay, the Court is aware that the Decamps

8

intend to have Mr. Ramey, who was deposed in this case, testify to his law firm's guardianship practice and website at trial. (Doc. # 77 at 10). Thus, the Motion is denied at this time but the Court will entertain objections regarding the website at trial. In re Seroquel, 2009 WL 260989, at *1.

### 7. Contractual Basis for Retaining Bruce Austin

State Farm seeks to exclude evidence that it hired attorney Bruce Austin to help its insured, Ms. Woltcheck, fill out a financial affidavit shortly after the car accident. (Doc. # 66 at 16-17). "State Farm anticipates that [the Decamps] intend to elicit testimony that the policy did not require the retention of Attorney Austin and then argue that, having done one thing that the policy did not require, State Farm was thereafter obligated to do anything else demanded of it, regardless of whether the policy so requires." (Id. at 17).

The Court will not exclude this testimony at this time. Whether State Farm acted in bad faith is determined under the totality of the circumstances. Thus, the Court is hesitant to exclude various categories of evidence that have some bearing on the insurance industry's custom and practice regarding the payment of various litigation expenses. The Motion is denied.

9

### 8. "Allocated Loss Expenses" and "Friendly Suits"

State Farm argues that any mention of the phrases "allocated loss expenses" and "friendly suits" should be excluded from trial. (Doc. # 66 at 18). According to State Farm, "[i]n the absence of any contract language, case law, statute, or regulation requiring State Farm to pay amounts classifiable as 'allocated loss expenses' or 'friendly suits,' testimony concerning the meaning of these terms does not have 'any tendency to make a fact more or less probable' and is not 'of consequence in determining the action.'" (Id.) (quoting Fed. R. Evid. 401).

The Court disagrees and the Motion is denied as to this request. Again, the Court has held that State Farm may be found liable for bad faith even though the insurance policy did not explicitly require payment of the guardianship and trust expenses. (Doc. # 80 at 32). Thus, evidence of insurance industry custom and practice, including what constitutes allocated loss expenses usually paid by insurers and the use of friendly suits, is highly relevant to the issues to be decided by the jury. The Court will not exclude this evidence.

### 9. Extracontractual Settlement Offer in Underlying Case

State Farm seeks to exclude evidence that it offered to pay the guardianship and trust costs in 2013 during a mediation in the state court action. (Doc. # 66 at 19). The Decamps, for their part, insist that this offer was not made during mediation. (Doc. # 77 at 13).

The Court agrees that any settlement offer made during mediation should not be introduced at trial. Under Florida law, "all mediation communications shall be confidential. A mediation participant shall not disclose a mediation communication to a person other than another mediation participant or a participant's counsel." Fla. Stat. § 44.405(1). However, because it is unclear whether the settlement offer was made during mediation, the Court will not exclude this evidence at this time.

Furthermore, the Court disagrees with State Farm that the settlement offer, made during the course of the underlying state court action, "can only be understood as an offer to settle the inchoate bad-faith claim before it ripens." (Doc. # 66 at 19-20). The settlement offer was not an offer to settle this bad-faith case and Federal Rule of Evidence 408 does not apply. See Fed. R. Evid. 408(a) ("Evidence of the

following is not admissible — on behalf of any party — either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction: (1) furnishing, promising, or offering — or accepting, promising to accept, or offering to accept — a valuable consideration in compromising or attempting to compromise the claim; and (2) conduct or a statement made during compromise negotiations about the claim — except when offered in a criminal case and when the negotiations related to a claim by a public office in the exercise of its regulatory, investigative, or enforcement authority.").

Thus, the Motion is denied as to this evidence. State Farm may raise this issue again at trial if the Decamps seek to introduce this evidence.

### 10. Prior Retention of Expert by State Farm's Lawyers

State Farm next seeks to exclude evidence that its counsel in this case previously retained the Decamps' expert witness, Mr. Doucette, in a different case. (Doc. # 66 at 20).

This evidence is irrelevant and, even if it were slightly probative, would be unduly prejudicial and confuse the jury. The Court agrees with State Farm that "the jury should judge Mr. Doucette's opinions and qualifications by their

substance, not by insinuations that his opinions or credentials have been involuntarily endorsed by the party against whom they are being offered." (Id.). Thus, the Motion is granted, and this evidence is excluded. See Agron v. Trustees of Columbia Univ. in City of New York, 176 F.R.D. 445, 451 (S.D.N.Y. 1997) (ruling, in a case in which both the plaintiff and defendant had consulted the same expert in the same case, that defendant could not introduce that plaintiff had also retained defendant's expert and stating "If, as Defendant argues, it is the substance of Deutsch's opinion which is important and not the fact of his prior retention, then Defendant should have no problem adhering to this restriction").

### 11. References to Profits or a Profit Motive

State Farm argues that, because it is a mutual insurance company, the Decamps "should not be permitted to suggest to the jury that State Farm at any point acted with a motive to obtain profits at the expense of its duties to its policyholders." (Doc. # 66 at 22). The Decamps do not oppose this request, "unless State Farm opens the door to such inquiry based upon its arguments and questioning at trial." (Id.; Doc. # 77 at 15). Thus, the Motion is granted as to this category of evidence.

### 12. <u>Evidence or Suggestion of Financial Hardship</u>

State Farm argues that the Decamps should not "be permitted to suggest to the jury that Ms. Woltcheck is responsible for a $1.5 million judgment unless the jury finds for" the Decamps. (Doc. # 66 at 22). It also argues that "the jury should not be told that Mr. Decamp, or his family, will suffer financial hardship unless the jury finds against State Farm." (<u>Id.</u> at 23).

The Decamps do not oppose this request, "unless State Farm opens the door to such inquiry based upon its arguments and questioning at trial." (<u>Id.</u>; Doc. # 77 at 15). Thus, the Motion is granted as to this category.

### 13. <u>Rebuttal of Reasonable Inference that Plaintiffs Agreed to Pay Leeper & Leeper to Establish Guardianship</u>

State Farm emphasizes that the Decamps' attorney in the underlying state case, Mr. Leeper, "refused to answer questions about his payment arrangements with" the Decamps, even though State Farm maintains that this information is not privileged. (Doc. # 66 at 24). Thus, State Farm argues, the Decamps "should not, through their counsel, be permitted to refuse to answer deposition questions about their payment arrangements and then offer evidence about them at trial." (<u>Id.</u>). State Farm seems to assume that the Decamps' agreement

14

to a contingency fee arrangement with Mr. Leeper somehow encompasses payment for Mr. Leeper's firm's establishment of the guardianship for Mr. Decamp. (Id. at 23). Because Mr. Leeper did not testify about this arrangement during his deposition, State Farm apparently wishes to prevent the Decamps from rebutting this supposedly "reasonable inference" regarding the payment arrangement at trial.

The Motion is denied. The Court is not persuaded by State Farm's underlying assumption: that the Court or the jury should assume that Mr. Leeper's charges for establishing the guardianship are included within Mr. Leeper's contingency fee arrangement for the underlying state court personal injury case. Thus, the Court will not preclude the Decamps from presenting testimony that rebuts State Farm's assumption about their payment arrangements. Additionally, if the parties continue to dispute what questions Mr. Leeper may be asked about his payment arrangements with the Decamps based on attorney-client privilege, the Court will address such objections as they arise at trial.

**14. Speculative Testimony about Opportunities to Settle**

Finally, State Farm argues: "The Court should exclude testimony to the effect that [the Decamps] would have been willing to settle within policy limits on some hypothetical

15

set of terms that was never made known." (Doc. # 66 at 25). State Farm "anticipates" that the Decamps will offer evidence "that they were willing to settle their claim against Ms. Woltcheck under some particular terms that no one ever proposed." (Id.).

The Motion is denied as to this request. The parties' willingness to settle the underlying personal injury claim and the terms they would accept are relevant to this case. Nor does the Court consider the anticipated testimony so unduly prejudicial or confusing that is should be excluded pretrial under Rule 403. If any of the Decamps' witnesses assert there were terms under which they were willing to settle, State Farm may cross-examine them regarding that testimony or raise an objection as appropriate.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant State Farm Fire & Casualty Company's Motion in Limine (Doc. # 66) is **GRANTED** in part and **DENIED** in part as set forth herein.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 16th day of November, 2021.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE