UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTINE DECAMP, as Guardian
of the Property of
Timothy Decamp, Jr. and
assignee of Jasmina Woltcheck,
and CONSTANCE DECAMP,
as Guardian of the Person
of Timothy Decamp, Jr.
and assignee of Jasmina Woltcheck,

    Plaintiffs,

v.                                             Case No. 8:20-cv-1747-VMC-TGW

STATE FARM FIRE & CASUALTY
COMPANY,

    Defendant.
_____/

**ORDER**

This matter comes before the Court upon consideration of Defendant State Farm Fire & Casualty Company's Motion to Exclude Non-Party Non-Expert Witnesses from the Courtroom When Not Testifying (Doc. # 70), filed on October 6, 2021. Plaintiffs Christine and Constance Decamp, as Guardians of Timothy Decamp, Jr., responded on October 20, 2021. (Doc. # 76). For the reasons that follow, the Motion is granted to the extent set forth herein.

**Discussion**

In its Motion, State Farm seeks to exclude "all non-party and non-expert witnesses from the courtroom when not testifying." (Doc. # 70 at 2).

Federal Rule of Evidence 615 provides:

> At a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony. Or the court may do so on its own. But this rule does not authorize excluding:
>
> (a) a party who is a natural person;
>
> (b) an officer or employee of a party that is not a natural person, after being designated as the party's representative by its attorney;
>
> (c) a person whose presence a party shows to be essential to presenting the party's claim or defense; or
>
> (d) a person authorized by statute to be present.

Fed. R. Evid. 615.

State Farm acknowledges that expert witnesses and the parties should not be excluded from the courtroom under Rule 615. But it insists that other non-expert non-party witnesses should be excluded.

The Court agrees. The parties' experts and the parties themselves may remain in the courtroom when not testifying. The parties in this action include the guardians Christine and Constance Decamp as well as Timothy Decamp, Jr., who are

all natural persons and named in the complaint. (Doc. # 1 at 1). But all other witnesses who are not parties or experts will be excluded from the courtroom when not testifying.

This includes attorney Daniel Leeper, who represented the Decamps in the state court personal injury action and is a fact witness in this case. While the Court understands the Decamps' desire to have Mr. Leeper present during trial (Doc. # 76 at 2), Mr. Leeper is not counsel of record for this action. He will not be trying this case and is merely serving as a fact witness in this action. And the Decamps have not established that Mr. Leeper's presence in the courtroom is essential to presenting their claim or is otherwise authorized by statute. See United States v. Jackson, 60 F.3d 128, 135 (2d Cir. 1995) ("Because a court may only decline to grant a party's request to sequester particular witnesses under one of the Rule 615 exemptions, the rule carries a strong presumption in favor of sequestration. The party opposing sequestration therefore has the burden of demonstrating why the pertinent Rule 615 exception applies . . . and 'why the policy of the Rule in favor of automatic sequestration is inapplicable in that situation.'" (citations omitted)).

Accordingly, it is hereby

3

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant State Farm Fire & Casualty Company's Motion to Exclude Non-Party Non-Expert Witnesses from the Courtroom When Not Testifying (Doc. # 70) is **GRANTED** to the extent set forth herein.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 6th day of December, 2021.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE